IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**JESSE L. MCCURLEY**                                                                                   **PLAINTIFF**
**#50825**

v.                              Case No. 4:23-cv-00882-KGB

**SHANE JONES, Sheriff, Pope**
**County Sheriff's Office,** *et al.*                                                                   **DEFENDANTS**

## ORDER

Plaintiff Jesse L. McCurley was an inmate at the Pope County Detention Center when he filed a *pro se* complaint pursuant to 42 U.S.C. § 1983 against Pope County Sheriff Shane Jones, Deputy Sheriffs Leo Young, Christopher Thomesen, and Brian Coleman, Atkins Police Officers Dalton Tyner and Brandon Harris, and Pottsville Police Officers Jordan Hull and Gerrad Huffman (collectively "Defendants") (Dkt. No. 5). McCurley sues the Defendants only in their personal capacities seeking damages (*Id*. at 3, 7). By separate Order (Dkt. No. 3), McCurley was granted *in forma pauperis* status, but he has since paid the filing fee (Dkt. No. 25). The Court must now screen his amended complaint (Dkt. No. 5). *See* 28 U.S.C. 1915A.

**I.    Background**

A public records search reveals that in July 2022, McCurley was charged in Pope County Circuit Court with 18 felony and misdemeanor offenses including attempted murder. What began from a domestic disturbance 911-call, escalated to an armed standoff with officers resulting in the exchange of gunfire, an explosion at McCurley's home, officer injury, and the death of 12 dogs that died in the explosion. *See* Arkansas Judiciary Website, Docket Search, https://contexte.aoc.arkansas.gov; *State v. McCurley*, 58CR-22-531 (Pope County) (Criminal Information). Following a court ordered fitness-to-proceed examination and receipt of McCurley's forensic mental evaluation, Pope County Circuit Judge James Dunham determined

that McCurley was not fit to proceed and adopted the clinical psychologist's findings that McCurley lacked the capacity to understand the proceedings against him and could not assist in his own defense. *Id.* (Order, May 22, 2023). After further forensic testing, Judge Dunham determined that, although McCurley could then understand the proceedings and assist in his own defense, he nevertheless lacked the capacity to proceed because mental disease prevented him from conforming his conduct to the law at the time of the crime. *Id.* (Amended Judgment, Jan. 9, 2024; Sentencing Order, March 6, 2024). Thus, while Judge Dunham found McCurley had committed the charged offenses, Judge Dunham acquitted McCurley of the charged offenses due to mental disease or defect but civilly committed McCurley to the custody of the Arkansas State Hospital. *Id.* McCurley remains in the custody of the Arkansas State Hospital pursuant to this civil commitment (Dkt. No. 24).

In McCurley's initial complaint, he sued Sheriff Jones in his official capacity arguing that Sheriff Jones was "responsible for the operation of [the] . . . Detention Center" (Dkt. No. 2-1, at 4). McCurley further claimed the Detention Center had "denied his rights to talk to any law officer or the F.B.I., as [his] case is a federal matter" (*Id.*). McCurley also claimed that medical staff at the Detention Center had denied him a checkup with the heart doctor, including needed tests (*Id.*). On initial screening, the Court pointed out deficiencies with McCurley's complaint including that his damages claims could proceed against Sheriff Jones in his official or personal capacity (Dkt. No. 4). In particular, the Court gave the following direction:

> Even if Plaintiff had sued Defendant Jones in his personal capacity, that claim would fail. "Liability under § 1983 requires a causal link to, and direct responsibility for, the alleged deprivation of rights." *Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990). "Because vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government official defendant, through the official's own individual actions, has violated the Constitution." *Parrish v. Ball*, 594 F.3d 993, 1001 (8th Cir. 2010) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009)). Bare allegations void of factual enhancement are insufficient to state a

2

> claim for relief under § 1983. *See Iqbal*, 556 U.S. at 678. Plaintiff provided no factual allegations against Defendant Jones. As such, any personal capacity would also fail.

(*Id*. at 3–4). The Court gave McCurley the opportunity to file an amended complaint to address the deficient pleading. McCurley has now filed an amended complaint, which must be screened. 28 U.S.C. §1915A.

In his amended complaint, McCurley sues Sheriff Jones, his deputies Leo Young, Christopher Thomesen, and Brian Coleman, Atkins Police Officers Dalton Tyner and Brandon Harris, and Pottsville Police Officers Jordan Hull and Gerrad Huffman only in their individual capacities (Dkt. No. 5, at 1–3). McCurley alleges that he was the target of a "field training exercise" and booked on "fake charges . . . to protect the City and Pope Co[unty] from a possible lawsuit" (Dkt. No. 5, at 5). McCurley asserts that Sheriff Jones has lied to "cover up his involvement in the field training exercise" (*Id*.). He offers no other specifics about Sheriff Jones or other named Defendants.

In supplemental filings titled "Evidence," McCurley questions the events surrounding his arrest (Dkt. Nos. 8–13, 15–18, 19, 21). Of note, McCurley explains that he is a federally certified "human trafficking official" and that he has, in that role, provided information on a vast human and drug trafficking cabal in Pope and Yell Counties (Dkt. No. 10, at 3). McCurley suggests that his knowledge of these crimes has made him a target of harassment (*Id*.). He asserts that, if he were to come forward with the information, a large number of law officers would be jailed and that the cities in Yell and Pope County would be bankrupted by the resulting lawsuits (*Id*., at 3–4). He further suggests that officers sent him girls who offered him drugs in hopes that he would become addicted and drop his investigation (*Id*., at 7). McCurley's papers are replete with stream-of-conscience musings about his family and their involvement in national defense, drug use, and

3

drug trafficking (*Id.*, at 3–12).  McCurley also contends that he was subjected to due process violations throughout his case, as well as denied effective assistance of counsel (Dkt. Nos. 11–13, 16).

**II.    Screening**

The PLRA requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee.  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that:  (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b).  The *in forma pauperis* statute also imposes these same standards for dismissal.  28 U.S.C. § 1915(e)(2)(B).

An action is frivolous if "it lacks an arguable basis either in law or in fact."  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

In reviewing the sufficiency of a *pro se* complaint under the Court's screening function, the Court must give the complaint the benefit of a liberal construction.  *Estelle v. Gamble*, 429 U.S. 97, 106 (1976).  The Court also must weigh all factual allegations in favor of the plaintiff unless the facts alleged are clearly baseless.  *Denton v. Hernandez*, 504 U.S. 25, 32 (1992).  Although *pro se* complaints are to be construed liberally, the complaint must allege specific facts sufficient to state a claim.  *See Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

**III.    Discussion**

Other than Sheriff Jones, McCurley neither names any of the other Defendants individually in any of his pleadings nor does he explain how they were involved with violating his constitutional

4

rights. Instead, McCurley broadly suggests that his arrest and charges were the result of a vast law enforcement conspiracy to silence him from bringing to light his knowledge of illegal events orchestrated by area law enforcement. Because his arguments are not only conclusorily pleaded but also fanciful, they are dismissed. *Hernandez*, 504 U.S. at 32.

In the alternative, McCurley's requests for money damages against Defendants are barred by the holding in *Heck v. Humphrey*, 512 U.S. 477 (1994). As the Supreme Court instructed:

> [W]hen a [] prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated. But if the district court determines that the plaintiff's action, even if successful, will not demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed, in the absence of some other bar to the suit.

*Heck*, 512 U.S. at 487. This approach prevents "a collateral attack on the conviction through the vehicle of a civil suit." *Id*. at 485 (internal citations omitted). McCurley's civil commitment does not change this analysis. In *Brennan v. Cass County Health, Human and Veteran Services*, 93 F.4th 1097 (8th Cir. 2024), the Eighth Circuit held that *Heck* applies "to constitutional claims challenging a civil commitment order." *Id*. at 1101 (citing *Thomas v. Eschen*, 928 F.3d 709, 711–13 (8th Cir. 2019). Because McCurley's state civil commitment order remains valid, McCurley cannot pursue his claims for damages in this action.

### IV.    Conclusion

It is therefore ordered that:

1.    McCurley's complaint and amended complaint are dismissed without prejudice (Dkt. Nos. 2, 5).

2.       The Court denies McCurley's dual request for a grand jury investigation into his allegations of human trafficking in Pope County and to be placed in witness protection (Dkt. No. 19).

3.       The Court recommends that, in the future, this dismissal count as a "strike" within the meaning of 28 U.S.C. §1915(g).

4.       The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from this Order or the accompanying Judgment would not be taken in good faith.

It is so ordered this 28th day of January, 2026.

_____
Kristine G. Baker
Chief United States District Court Judge